

Heather Reece
707 Quillen Ave SE
Coeburn VA, 24230
276-325-1712 | 276-219-5615
Reatherhd@gmail.com

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT BIG STONE GAP DIVISION

OF VIRGINIA

| | |
|---|---|
| **HEATHER REECE,**<br>Plaintiff,<br>vs.<br>**COMMONWEALTH OF VIRGINIA,**<br>**BANK OF AMERICA ET. AL.,**<br>Defendant | Case No.: 7:23cv00028<br><br>COMPLAINT AND REQUEST FOR INJUNCTION |

I. The Parties to the Complaint

A. The Plaintiff, Heather Reece, is a resident of the town of Coeburn, in the county of Wise, in the state of Virginia.

B. The Defendant(s), Bank of America, Bank of America, N.A., Retail Payment Services, is incorporated under the laws of the state of Texas, having a common place of business located at P.O. Box 660933, Dallas, TX, 75266-0933.

C. The Defendant(s) two, Bank of America, N.A., c/o BMW Law Group, is a corporation, having a commonplace of business located at 8100 Three Chopt Rd., Suite 240, Richmond, VA, 23299-4833.

D. BAC Home Loans Servicing, LP c/o Prober & Raphael, A Law Corporation, is incorporated under the laws of the state of California, having a commonplace of business located at 20750 Venture Blvd., Suite 100, Woodland Hills CA, 91364-6207.

E. FIA Card Services NA, aka, Bank of America by PRA Receivables Management, is incorporated under the laws of the state of Virginia, having a commonplace of business located at P.O. Box 12907, Norfolk VA, 23541-0907.

F. Jo S. Widener, trustee, is a government business entity, incorporated under the laws of the state of Virginia, having a commonplace of business at P.O. Box 16189, Bristol VA, 24209-6189.

G. The Defendant, Jessica Kilgore, is an individual, and a resident of the state of Florida, having a commonplace of business located at 1827 Scott St Hollywood, Fl 33020.

H. The Defendant, Everhome Mortgage, is a business entity, incorporated under the laws of the state of Florida, having a commonplace of business located at 301 W. Bay Street, Jacksonville, FL, 32202.

I. The defendant, Way 2 Go Card Services of Comerica Bank, is a business entity, having a commonplace of business located at CA SDU P.O. Box 989067 West Sacramento, CA 95798-9067.

J. The defendant, William E. Callahan Jr., is a government business entity, incorporated under the laws of the state of Virginia, having a commonplace of business listed as 10 S Jefferson St, Roanoke, Va 24011, email address listed as callahan@gentrylocke.com.

K. The defendant, Paramount Equity Mortgage, LLC., is a business entity, incorporated under the laws of the state of California, having a commonplace of business located 8781 Sierra College Boulevard, Roseville CA, 95661.

L. The Defendant, William David Goode Jr., is a government business entity, incorporated under the laws of the state of Colorado, having a common place of business located at

7941 Sabino La, Castle Rock, CO 80108-9194, and a second address listed as 4354 N Noel Dr, Prescott Valley, AZ 86314.

M. The Defendant, Paramount Equity Mortgage, LLC, is a business entity, having a commonplace of business located at 8781 Sierra College Boulevard Roseville CA, 95661.

N. The defendant Timios, Inc., is a business entity, incorporated under the laws of the state of Pittsburgh, having a commonplace of business located at 4955 Steubmville Pike, Suite 306 Pittsburgh, PA 15205.

O. The defendant, The Lawyer's Title Reality Services Inc. is a business entity, incorporated under the laws of the state of Virginia, having a commonplace of business located at 7130 Glen Forest Drive, STE 403 Richmond VA, 23266.

P. The defendant, MERS, is a business entity, having a commonplace of business located at 11819 Miami St., Suite 100, Omaha, NE 68164.

Q. The defendant, Fannie-Mae, Freddie Mac, Ellie Mae, Inc., is a business entity, incorporated under the laws of the state of Washington, having a commonplace of business located at Reston Town Center 2000 Opportunity Way Reston, VA 20190.

R. The defendant, Crystal S.R. Phillips, is an individual and listed as a mobile notary through the website, http://www.123notary.com/notary-info.asp?id=95058, who resides in the state of Virginia, address is listed at 245 Robbins Lane Clintwood VA, 24228.

S. The defendant, Linda Gail Tiller, is a government business entity, having a commonplace of business located at P.O. Box 1016 St. Paul, VA 24283.

T. The defendant, J.R. Tiller, of Tiller & Tiller P.C. Attorney at law, having a commonplace of business located at 28 Mill St, Lebanon, VA 24266.

U. Miner's Exchange Bank, is a business entity, having a common place of business located at 483 Front Street, P.O. Box 1197 Coeburn VA, 24230.

V. The defendant, Daphne Hamilton, is an individual, 2820 Waterford Lake Drive

Suite 100 Midlothian, VA 23112.

W. The defendant, Linda Culbertson, is an individual with a listed address at 8288 Waterline Dr Boynton Beach FL, 33472.

X. The defendant, Jessie Allen Deloach, is an individual, residing in the town of Wise, in the county of Wise, in the state of Virgnia, with a listed address of PO Box 8412 Wise, VA 24293.

Y. The defendant, Ashley Nicole Miller Deloach, is an individual, residing in the town of Wise, in the county of Wise, in the state of Virginia with a listed address of PO Box 8412 Wise, VA 24293.

Z. The defendant, Koltown Property Management, is a government business entity, incorporated under the laws of the state of Virgnia, having a commonplace of business located at 170 Valley St NW Abingdon, VA, 24210-2836.

AA. The defendant, FIG Enterprises, LLC, is a business entity, having a commonplace of business located at 201 E Main St. Suite A, Wise VA, 24293.

BB. The defendant, Asbury & Gilbert, attorneys at law, is a business entity, incorporated under the laws of the state of Virginia, having a commonplace of business located at 201 E. Main Street Suite a Wise, VA 24293.

CC. The defendant, Asbury, Gilbert & Kincaid P.C. Business & Estate Planning Attorneys at law, is a business entity, having a commonplace of business located at 201 E. Main Street a Wise, VA 24293.

DD. The defendant, Trenita Jackson-Stewart, Shapiro & Burson, LLP is a business entity incorporated under the laws of the state of Virginia, having a commonplace of business located at 236 Clearfield Avenue, Suite 215 Virginia Beach, VA 23462.

EE. The defendant, Rebecca B. Connelly, is a business entity, incorporated under the laws of the state of Virginia, having a commonplace of business located at P.O. Box 1001 Roanoke VA, 24005.

FF. The defendant, Melissa R. Ivey is an individual and a resident of the state of South Carolina, with a listed address of 4100 Coca Cola Plz, Charlotte, North Carolina, 28211.

GG. The defendant, PRA Receivables Management, LLC, Portfolio Recovery Associates, LLC is a business entity, incorporated under the laws of the state of Virginia, having a commonplace of business listed as 120 Corporate Blvd, Norfolk, VA 23502.

HH. The Defendant, POB 41067, as it is listed on related documents as POB 41067, having a business address listed as P.O. Box 12914 Norfolk, VA 23541.

II. The Defendant, FIA Card Services, N.A., is a business entity, incorporated under the laws of the state of Delaware, having a commonplace of business located at 665 Papermill Rd., Neward, DE 19711.

JJ. The defendant Carol E. Hardy is an individual, and is a resident of the state of Virginia, having a listed address as Carol Hardy, PO Box 64726 Virginia Beach, VA 23467.

KK. The defendant Brandon R. Jordan, is a business entity, having a commonplace of business located at 1804 Staples Mill Road, Suite 200 Richmond, VA 23230.

LL. The defendant Samuel I. White, P.C. attorney at law is a business entity, incorporated under the laws of the state of Virginia, having a, having a commonplace of business located at 1804 Staples Mill Road, Suite 200 Richmond, VA 23230.

MM. The defendant, ACI Payments Inc., is incorporated under the laws of the state of Nebraska, having a commonplace of business located at ACI Payments, Inc. 6060 Coventry Drive Elkhorn, NE 68022.

II. Basis for Jurisdiction arises in Federal courts under 28 U.S.C. 1331, as the amount in controversy between the parties is more than $75,000.

A. The Federal False Claims Act, 31 USC 3729 avoids fraudulent activity against the federal government. Investigations or adverse actions against government contractors.

a. The amount in controversy, is the approximate amount of income tax owed by the defendants, in research of these related amounts falsely imposed, the approximate amount of thirty-eight million dollars in related incidents and to damages of accounts of several victims of these related aggravated identity theft, and otherwise, constructive fraud by the defendants, as these damages came to the wage-earning accounts of the plaintiff, the family of plaintiff, and in federal question, those of co-workers of the plaintiff who did have green card status and legal entry into the United States in 1994-1996, however, of these, there was a breach related issue also "employed" with the at-will employer during 1995-1996 in these related incidents of breach.

b. The purchase of a lot of land from family of plaintiff by the commonwealth of the state of Virgnia, and the approximate year of 1991-1992, and the amount of fifty-seven thousand five hundred dollars, and the related five year financial term, 1994-1996 and the separation of the wage earnings of the family and the wage earnings of the plaintiff, as the plaintiff was at-will employed at a local restaurant while still a minor, therefor, remained with the wage earning accounts of the mother and father of the plaintiff, therefore, these differences, and the interest and related years of interest earned in these term related accounts, of the federal, state, county and city/town tax in each, clearly of the records, and the liabilities of the claims for the payments of these, are of the defendants.

c. The evidence in these, is submitted by the plaintiff in the hearings. Otherwise, if the defendant claims, and as the plaintiff has the knowledge, and the experience of these, and of the documents submitted, request of plaintiff, for the named defendants to submit into the evidence these related documents of the claims, otherwise, these are not valid claims, as the facts, the statements, and the financial and deed related evidence, do prove otherwise, and of plaintiff nor the family of plaintiff owing these amounts past due balance of the tax or of the debts, as the defendants, the partners, the firms, the

associates, and representatives of each, in this extradentary circumstance, do violate The False Claims Act of the U.S.C. with the pre-devised scheme, of which, now three to nineteen partners, firms, associates and representatives of each, have been arrested and/or convicted, therefor, they may submit any "evidence" they may have in these claims to the honorable court for the review of the court, or otherwise, the defendants, may work these issues of claims out between themselves, and not involve the plaintiff, the family of plaintiff, nor the joint debtor, nor the family of each.

d. On or about February 1st, 1999, plaintiff did become at-will employee of Black Diamond Savings bank, as the evidence and the account held within the commonwealth without legal merit did commence, and as these of the related case #*McClenburg/Blacksburg county circuit court hearings of 2014, and of these the difference in each term, 1997-1999, whereby, the related "contribution" of the defendants, on or about August 4th, 2000, in the related "contributions" to Paper Fig Foundation, non-profit organization, and of these the tax and financial term related financial and tax related statements of each defendants, v the plaintiff, and the family of the plaintiff, 2001, whereby, the related amounts are now of the records in case #****, and the related ten year financial FIG Enterprises LLC, and the law firm of Asbury & Gilbert, attorneys at law, and the financial records of each defendant both in official and individual capacity v. the plaintiff and the family of the plaintiff, and as these did lead to the related evidence in the trustee account of the federal BSG division and somehow, they are of the records in the Eastern district of Virgnia file with the date February 2003, while plaintiff did remain a resident of the Western district. These are the related years of the property identity theft, and the rental properties of each of the defendants, as family of the plaintiff, rented property in the Eastern district, while attending college, and the dates and difference in each financial and tax related term. As these did become of the records, through the clerk of the court file, with traffic citation given to the family of the plaintiff, in these corresponding years,

whereby, the clerk of the court file, and the indifference in the year these now appear in comparison with the actual dates these were no longer minor children, as these are conflicting and do coincide with the employment records of plaintiff while at-will employee of Black Diamond Savings Bank, and with each business license number and each government entity license number in each of the files in the records of the Wise county and the city of Norton Virgnia tax, and the land and deed office. (See instrument number 200405293) through the present date of 09/05/2023, as the number in the instrument clearly fraud and false documentation.

e. Whereby, the ten-year 2004-2014 case## and the records of the defendants v. the plaintiff and joint debtor, and the family of each, as plaintiff would willingly submit these on the date of hearing, for the review of this honorable court, when placed upon the docket. As the Black Diamond Savings Bank stock and the holders, and the liabilities imposed on each, and of these, there is no legal merit, therefore and otherwise, these are the evidence of the thefts in each transaction, and as these are of the commonwealth of the state of Virgnia accounts, and as these are of the federal trustee accounts in these related circumstances, and of these and the dates of the onset of the thefts, in the related financial and tax related term, in each two, five and ten year financial term, as this remains the debts imposed falsely by the defendants.

f. The facts of these related financial terms and the unpaid debt of the defendants, as these are the claims of the defendants, the plaintiff and the joint debtor, nor any family member of each, have interest in the claims, as these remained unknown, and of the fraud and the century related and historic records of this constructive fraud, and in these, the actual histories behind the defendants in the real property identity theft of the parties, these remain the only combining elements, therefore, plaintiff nor the joint debtor, not any family member of, have claims of these, not the knowledge of the plaintiff, joint debtor, nor the family of each, nor have we made claim that is known to the

plaintiff, nor that has been paid to the plaintiff. As these have been historically misrepresented in the related cases, and as these, due to the claims of "lost deed" (Osborne ride purchase), and as these are false claims of the defendants, as the legal title to the property, in each circumstance, simply sent to the state of West Virginia, as these defendants have historically done in the past century term.

g. The onset of the news related civil suit against Carter Bank & Trust, and the state of WV Governor Justice, and the related convictions, and these, all false claims, and related terms of financial and tax related incidents, therefore, for the safety of our borders, and our military in these times of conflict, we do need the demand of these civil filings in each incident in order to find the amendment and a way of prevention in the U.S.C.

h. In relation to the actual deed of the plaintiff, and the actual conveyances, and the actual property description of each, these are of the records of the plaintiff, and the plaintiff will willing submit these for the review of the court in related hearings when complaint is placed upon the docket, as the indicated "Schedule" A, and as it is also marked a second time as "Exhibit" A, and of both, they remain inaccurate.

i. The amount in controversary in related family court of Wise County and the city of Norton district court, of these, and these related filings, the plaintiff does remain without equitable distribution, and without the payments of simple support obligations, owed by the defendant, otherwise described here as joint debtor, as through signed orders of the court February 14th, 2018, the payments of support obligation owed to plaintiff, however the misrepresentation of the attorney of defendant, and the related clam #*****, are of the amount of fifteen thousand six hundred and forty-four dollars, as these were arrears owed to plaintiff, whereby, the minor children of plaintiff, did become of the breach of the information of each, on or about February 13th, 2018, and as the related family court records of the family member of plaintiff, and the name that does appear on these documents, def. no**, as these are otherwise the same, however, as he and wife, were

both convicted of *** and of this the related incidents of FIG Enterprises, then the "convictions" of the minor child of plaintiff, therefor, the question to these defendants, how would the money taken from the actual financial account of the mother of the minor child, be used to "convict" the child, without the intention and false claims of these defendants? Without the deceit, and the setup of these defendants? They would not be, and as these are the constructive fraud, additionally these are with fraud in the inducement of the filing in each, as these must be expunged of the records of the plaintiff, and the family of the plaintiff in these related incidents. For these, the failure to intervene remains of the federal question, and as the false documents, and the exchange of "favors" by the defendants, did interfere with these hearings, and there remains, fraud in the inducement of the filing. As the parties and the defendants may trade favors like family, but the fact remains that they are not.

j. The amount of the estimated value of the home of the plaintiff is $125,000 and the related loss of the support payments owed to plaintiff and the two children of the plaintiff, and of this, the date of April 3rd, 2013, owed to plaintiff by defendants, with the amounts of the seven hundred and ninety five dollars per month, for the sixty month "payment" schedule, as these were paid by the employer of the joint debtor, however, not placed in trust, by the defendants, nor paid in the name of the two, and of this, attorney/client contract by the parties and named def. &*, additionally, the "hourly wage earnings" of the defendants ***, and the "deduction", on or about March 1st, 2006-December 31st, 2008, the related "wage" deduction, however the ongoing "payments" this appears the parties are paying to the plaintiff in these related thefts, (def**) civil filing ****, is not "legally possible". However, these do not constitute the approximate thirty-eight million dollars in loss to the United States, as these defendants and the related cases throughout the err in court opinions these false documents have otherwise caused in several related circumstance in hearings, with other victims to this constructive

fraud within the 95 districts. (Cooke county IL and the innocence project, 300 people released from prison of the setup by these of the political office, and the facts of this case remain otherwise related to these convictions and "favors" of which were paid for and "traded" through the e-commerce exchange, the amount of the conviction of the couple, three hundred thousand dollars and the theft and embezzlement of Koltown property employees, husband and wife, Jessee and Ashley Deloach.

k. Therefore, the request for def** to submit his evidence of the related claims in hearing, as they are placed on the docket, otherwise, the named defendants, in each or of the 95 districts, must work that out between the parties, and not hold plaintiff, joint debtor, adult child, minor child, nor any family member of either of the four, liable for these claims, as these are not our claims, and they are and have remained the responsibility of the defendants.

l. The amounts and the liabilities in the penalties in relation to this complaint are of the intrusion associated to the acts of the defendants, as these hearings were originally for simple support payments, for the children of the plaintiff, and of this, in an average American single-family home, and as they have remained at the mercy of these defendants in these related incidents and intrusions into the personal life, and matters of financial concern, that did not otherwise concern these defendants, they have no interest in the property, or that is what the law would require, however, these are in question of violations in each circumstance.

m. As the signed orders of the family court did come unto the records February 14th, 2018, and as the defendant simply ignored the orders of the court, and did this, throughout these, with the approval of the court, whereby, the evidence of the related hearting, and the false claim of it within hearing June 13th, 2022, does reflect the twenty year term, and the false claims in each of these since the onset of the thefts, they are now of the

records, and for the review of this honorable court, as of approximately December 15th, 2003 to the present date.

n. The return of the amount of sixteen thousand six hundred and forty-four dollars, June 13th, 2022, as these defendants in the related court hearings, and related incidents have continued to attempt to conceal the crimes of the defendants, by taking from the wage earning, otherwise they are using the straw man theory to steal form their clients, and as these are of the records of named defendant *** Asbury Gilbert**, (SC), and the thefts of the parties, and as these will require injunctive relief by signed orders of the court, or these thefts will not stop. Albert Einstein's definition of insanity is repeating the same pattern, but expecting a different outcome, otherwise, the plaintiff is saying, there is no value in these, therefore there will remain with nothing to invest in for the masses in the future financial records of the next century of the United States.

o. The additional amount, as these did attempt to conceal the related amounts of $30,500 each term, and as this has been ongoing since November 24th, 1997, the measurement of 3.5% interest and in the differences in each, and the conflicting statements of the defendants, and statement by eyewitnesses, and by employment and tax records in each. Therefore, the estimated amount of $30,500 each year, for the twenty-seven years, are in these related claims, and this present since 1995-1996, as the index # 656742/2016 Epstein v. Figman, remains the debt of the parties and of the defendants.

p. This the evidence and the financial and tax related 30-year term of this complaint. As the fact remains, that the defendants are the only element that combines plaintiff and defendants. If these defendants have some form of evidence that either plaintiff, joint debtor, or family members of each, do owe this tax, or debts, the plaintiff requests that they submit them into the evidence.

q. Plaintiff agrees to willfully submit, each tax year that correspond with the records, 1994 to the present date, as this is the thirty-year term related review, and as the Levy Report

does indicate the 88% non-compliance rate of the federal office, the exchanges and the related evidence of the securities fraud of the real property are of the records of the FDIC insurance, as the credit card of the plaintiff/joint debtor charged an overseas currency transaction fee of approximately three thousand five hundred dollars, and as the plaintiff did report this to the card company, and the insurance did replace the amounts to the card, therefore, the FDIC insurance records of 2003-2008, are now, of the records, and of the evidence, and in these, the defendants remain the only combining element of the constructive fraud.

r. As these irreparable damages, and the impositions these have falsely placed on each victim, in each related circumstance, the related civil penalties, and the decisions of this, to be of the hearings, for the review of the evidence, and the hearings of the statements in each, by jury trial of this honorable court, for an equitable and just signed order of the court is of this request and complaint.

s. The specific amounts of the home of $125,000 as the "tax assessment" however, the mark indicates the code section tax exemption code 58.1-803(E), marked of the false documents, given by the clerk of the court in the land and deed/tax office in the Wise county and the city of Norton, Virgnia, plaintiff did pay fifty cents per copy, and these will be placed with the certified stamp into the review in the hearings if the court so decides to place this matter upon the docket. These have remained of the records of the tax and the land and deed office, for each and every tax year since the date of build, completion of build, July 1st, 2004, as the related Bank of America "payment", of fifty-seven thousand five hundred dollars, and the eight-eight thousand dollars of the construction loan, that Countrywide Home Loans/Bank of America, as the records in the case number that was present in the clerk of the court file in related attempts to cause further err in opinions, and as this has been historically mispresented, the fact remains that the mother-in-law of plaintiff did write a check for the amount equivalent to four months of

payments, and the related incidents involving ACI Payments, Inc., and the fact that the joint checking account of the financial institution and where these parties did expect to steal these fractions of pennies, there remained eighteen dollars and sixteen cents, as the plaintiff and joint debtor did open an account through another financial institution, therefore, these the reasons for the breach and the cause of the "liabilities" of ACI Payments Inc., as the FIA Card Services, Inc., were present at the onset of these, during 2003, and the related breach of attorney/client contract by the parties, as the related evidence of the total amount in arrears stated to be behind of monthly payments, thirty-three dollars and thirty-three cents, as is stated within the file of the pacer.gov website, available for review of this honorable court, as these parties, did also intentionally leave the PII of plaintiff and joint debtor online, in plain sight, as well as marking the case number as the bank account number, and as this constructive fraud of the defendants, does clearly show the evidence in each savings and checking account of the plaintiff, and the portfolio number of the defendants. With the new evidence in this research for information, as it is clearly withheld and a "secret" among the defendants, and as the "ads" of these reported and court request to motion to move in Brill v. Countrywide Home Loans, and the related civil case, as the plaintiff and joint debtor, remain without notification of the firm, and as this remains without legal or equitable resolve, as the onset of these on or about December 1st, 2005.

The additional amount of the loss of the approximate amount of seventy-thousand dollars in the payments of the support obligations owed to the plaintiff and the two children of the plaintiff, as the representative of defendant in the related family court, however misrepresented as "private", and in these, the related civil complaint of the attorney/client breach of contract and the abuse of the fiduciary accounts of each. As the officer of the court, does not meet one common-law standard required of the U.S.C. in relation to the decree entered June 26th, 2013, whereby, plaintiff was served by her client on or about May

1st, 2010, and as plaintiff and two children have remained without home, and without these payments, and remains at the mercy of these defendants, and this is without just cause and without legal merit. In addition, this officer of the U.S. Courts, did place into the clerk of the court file, signed and entered into records, a name change form, therefore, causing additional damage in the e-commerce exchange commission office, as she is not, nor has ever been a representative of the plaintiff, as throughout the hearings of the family court matters, the plaintiff remained without legal counsel, as plaintiff did have legal representative in relation to the attempt to get out of the payments, hearing September 8th, 2020, with the attempt to take full custody of the minor child, as he was denied this, and remained with joint physical and joint legal custody, and as these misrepresented facts remain, that in related court hearings and filings of family court, and each one in Wise county and the city of Norton, Virginia, the plaintiff is the only parent who has ever had sole custody of the either of the two children, of these additional intrusions of the defendants, as they remain judicial officers and officers of the commonwealth of the state of Virginia U.S. courts, the plaintiff does pray for this relief, as this the request for injunctive relief. (See exhibit ** of civil case no. ***). The damage of the return of the amount of monetary loss of the intrusions in these hearings, that began with $125,000, then commenced in sequence and did come to the estimated damages these parties owe, either in part, or together as a whole, for tax related false claims, and as these are of the evidence, and the additional interference of the parties, without legal merit and without just cause, the loss of payments of support obligations owed by the defendant in related family court matters, approximately seventy-thousand dollars in the scale minimum amount of the VA code guidelines for support paid to plaintiff in reference to the two minor children, as the parties did ignore the U.S.C. rules and regulations of the Virginia code, the plaintiff and the family of plaintiff, have incurred these losses in these related incidents of the thirty-year financial term of the 34th district of the state of Virginia.

V. Certification and closing

Under federal rule of civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) ) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VI. Pro Se Plaintiff Agreement

I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Respectfully submitted,

Dated this 5th day of September 2023.

Heather Reece

Heather Reece, Prose